## 7403.   JONES *v.* THE STATE.

1. That a hope of reward led to a confession does not render the confession inadmissible as evidence, where it does not appear that it was induced by another person.

2. An instruction to the jury that if any person shall sell intoxicating liquor "he" shall be guilty of a misdemeanor is not subject to exception on the ground that the word "he" is not used in the statute, and that the use of this word was an intimation of opinion that the accused was guilty.

DECIDED JUNE 27, 1916.

Accusation of sale of liquor; from city court of Ashburn—Judge Tipton.   March 20, 1916.

*J. A. Comer,* for plaintiff in error.

*J. H. Pate, solicitor,* contra.

HODGES, J.   1.   The accused was charged with a violation of the prohibition law and was convicted.   Complaint is made that

the court erred in admitting testimony as to a confession made to the mayor of the city, in which the accused said, "I am guilty and I am sorry of it, and I want you to do me a favor," that he did not have the money to pay a fine, and that he expected his wife to get sick, and this was the reason why he was doing "this kind of business." The mayor testified that he offered the accused no inducement. The objection to the admission of the confession was based on the ground that it was made in the hope of a reward. "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." Penal Code, § 1032. There may have been a hope of reward on the part of the accused, but the evidence does not show it was "induced by another," and the evidence was clearly admissible. *Bohanan* v. *State, 92 Ga.* 32 (18 S. E. 302).

2. Exception is taken to the following extract from the charge of the court: "I charge you that if any person in this State shall sell or barter for a valuable consideration any alcoholic, spirituous, malt or intoxicating liquors or intoxicating bitters or other drinks, which, if drunk to excess, will produce intoxication, *he* shall be guilty of a misdemeanor," on the ground that the word "he" is not used in the statute, and that the use of this word intimated an opinion that the accused was guilty. This is technicality refined. There is no merit in the exception to the substitution of the pronoun for the term "any person," used in the statute.

3. The evidence authorized the verdict and the court did not err in refusing a new trial.　　　　　*Judgment affirmed.*